ACHESON, Secretary of State v. MARIKO KUNIYUKI.

No. 12772.

United States Court of Appeals
Ninth Circuit.

July 27, 1951.

J. Charles Dennis, U. S. Atty., John E. Belcher and Kenneth J. Selander, Asst. U. S. Attys., all of Seattle, Wash., for appellant.

Wirin, Rissman & Okrand, Los Angeles, Cal., for appellee.

Before MATHEWS, BONE and POPE, Circuit Judges.

PER CURIAM.

■ Counsel fail to appreciate that Savorgnan v. United States, 338 U.S. 491, 70 S.Ct. 292, 94 L.Ed. 287, compels the statement in this court's opinion to which appellee particularly objects. That statement was: "The fact, if it be a fact, that she did not intend to lose her nationality and did not know that she would lose it if she voted in these elections is immaterial."

In the Savorgnan case, the court said, 338 U.S. at page 499, 70 S.Ct. at page 296: "The petitioner's principal contention is that she did not intend to give up her American citizenship, although she applied for and accepted Italian citizenship, and that her intent should prevail. However, the acts upon which the statutes expressly condition the consent of our Government to the expatriation of its citizens are stated objectively. There is no suggestion in the statutory language that the effect of. the specified overt acts, when voluntarily done, is conditioned upon the undisclosed intent of the person doing them."

The statement that the rules there applied with respect to expatriation "are stated objectively", was, in our view, but a brief way of stating what was said in the decision of the Court of Appeals which was affirmed in that case. The latter court said: "The motive for her conduct is distinguishable from her intent to act as she did. Such motive has no bearing on the determination of this question. Nor is the fact that she was misinformed or mistaken as to the legal consequences of her conduct of any significance here: One cannot avoid the force of a statute by asserting a mistaken conclusion as to its sanctions or effects. If these factors were permitted consideration, the operation of the statute would depend not upon the voluntarily performed act of becoming naturalized in a foreign state, but upon the extent of the legal knowledge and the subjective intention or motivation of the person involved. Such tests cannot be used to determine the operation of the statute." Savorgnan v. United States, 7 Cir., 171 F.2d 155, 159.

■ What was thus said, both by the Court of Appeals and the Supreme Court in respect to Savorgnan, was but a re-

statement of the ancient rule that ignorance of the law is no excuse. Nor may facts which show no more than a possible ignorance of the legal consequences of appellee's acts be made to serve as proof of compulsion.

The petition for rehearing is denied.